TRACY L. WILKISON
Acting United States Attorney
SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division
ALEXIS D. GREGORIAN
CLAIRE YAN (Cal. Bar No. 268521)
Trial Attorneys
United States Department of Justice
Fraud Section, Criminal Division
    300 N. Los Angeles Street, Suite 2001
    Los Angeles, California 90012
    Telephone: (202) 768-1172
    E-mail:   alexis.gregorian@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>       Plaintiff,<br><br>          v.<br><br>MIKHAIL KHANUKHOV,<br><br>       Defendant. | No. CR 18-375-AB-3<br><br>PLEA AGREEMENT FOR DEFENDANT MIKHAIL KHANUKHOV |

    1.   This constitutes the plea agreement between MIKHAIL KHANUKHOV ("defendant") and the United States Attorney's Office for the Central District of California (the "USAO") and the Fraud Section of the Criminal Division of the United States Department of Justice (collectively, "the United States") in the above-captioned case. This agreement is limited to the USAO and the Fraud Section of the Criminal Division of the United States Department of Justice and cannot bind any other federal, state, local, or foreign prosecuting, enforcement, administrative, or regulatory authorities.

DEFENDANT'S OBLIGATIONS

    2.   Defendant agrees to:

a.   At the earliest opportunity requested by the United States and provided by the Court, appear and plead guilty to count 5 of the indictment in United States v. Irina Sadovsky, et al., CR No. 18-375-AB, which charges defendant with conspiracy to engage in the unlicensed wholesale distribution of prescription drugs, in violation of 18 U.S.C. § 371.

b.   Not contest facts agreed to in this agreement.

c.   Abide by all agreements regarding sentencing contained in this agreement.

d.   Appear for all court appearances, surrender as ordered for service of sentence, obey all conditions of any bond, and obey any other ongoing court order in this matter.

e.   Not commit any crime; however, offenses that would be excluded for sentencing purposes under United States Sentencing Guidelines ("U.S.S.G." or "Sentencing Guidelines") § 4A1.2(c) are not within the scope of this agreement.

f.   Be truthful at all times with the United States Probation and Pretrial Services Office and the Court.

g.   Pay the applicable special assessment at or before the time of sentencing unless defendant has demonstrated a lack of ability to pay such assessments.

h.   Defendant agrees that any and all criminal debt ordered by the Court will be due in full and immediately.  The government is not precluded from pursuing, in excess of any payment schedule set by the Court, any and all available remedies by which to satisfy defendant's payment of the full financial obligation, including referral to the Treasury Offset Program.

1               i.    Complete the Financial Disclosure Statement on a form
2    provided by the USAO and, within 30 days of defendant's entry of a
3    guilty plea, deliver the signed and dated statement, along with all
4    of the documents requested therein, to the USAO by either email at
5    usacac.FinLit@usdoj.gov (preferred) or mail to the USAO Financial
6    Litigation Section at 300 North Los Angeles Street, Suite 7516, Los
7    Angeles, CA 90012.  Defendant agrees that defendant's ability to pay
8    criminal debt shall be assessed based on the completed Financial
9    Disclosure Statement and all required supporting documents, as well
10   as other relevant information relating to ability to pay.
11              j.    Authorize the USAO to obtain a credit report upon
12   returning a signed copy of this plea agreement.
13              k.    Consent to the USAO inspecting and copying all of
14   defendant's financial documents and financial information held by the
15   United States Probation and Pretrial Services Office.
16                       THE UNITED STATES' OBLIGATIONS
17       3.   The United States agrees to:
18              a.    Not contest facts agreed to in this agreement.
19              b.    Abide by all agreements regarding sentencing contained
20   in this agreement.
21              c.    At the time of sentencing, provided that defendant
22   demonstrates an acceptance of responsibility for the offense up to
23   and including the time of sentencing, recommend a two-level reduction
24   in the applicable Sentencing Guidelines offense level, pursuant to
25   U.S.S.G. § 3E1.1, and recommend and, if necessary, move for an
26   additional one-level reduction if available under that section.
27
28

        d.    Recommend that defendant be sentenced to a term of imprisonment no higher than the low end of the applicable Sentencing Guidelines range.

## NATURE OF THE OFFENSE

4. Defendant understands that for defendant to be guilty of the crime charged in count 5, that is, conspiracy to engage in the unlicensed wholesale distribution of prescription drugs, in violation of 18 U.S.C. § 371, the following must be true: (1) there was an agreement between two or more persons to commit the crime of engaging in the unlicensed wholesale distribution of prescription drugs, in violation of 21 U.S.C. §§ 331(t), 353(e)(1)(A), 333(b)(1)(D); (2) defendant became a member of the conspiracy knowing of its object and intending to accomplish it; and (3) one of the members of the conspiracy performed at least one overt act for the purpose of carrying out the conspiracy. The elements of the crime of engaging in the unlicensed wholesale distribution of prescription drugs, in violation of 21 U.S.C. §§ 331(t), 353(e)(1)(A), and 333(b)(1)(D), are as follows: (1) defendant knowingly engaged in the wholesale distribution of prescription drugs in a State or knowingly caused another person to engage in the wholesale distribution of prescription drugs in a State; and (2) the wholesale distribution was made by a person without a license from the State from where that person distributed the prescription drugs.

## PENALTIES AND RESTITUTION

5. Defendant understands that the statutory maximum sentence that the Court can impose for a violation of Title 18, United States Code, Section 371, is: 5 years imprisonment; a 3-year period of supervised release; a fine of $250,000 or twice the gross gain or

gross loss resulting from the offense, whichever is greatest; and a mandatory special assessment of $100.

6.  Defendant understands that defendant will be required to pay full restitution to the victim of the offense to which defendant is pleading guilty. The United States agrees to request that the Court impose on every co-defendant convicted of conspiracy to engage in the unlicensed wholesale distribution of prescription drugs, in violation of 18 U.S.C. § 371, joint and several liability for the restitution obligation imposed upon defendant. Defendant agrees that, in return for the United States' compliance with its obligations under this agreement, the Court may order restitution to persons other than the victim of the offense to which defendant is pleading guilty and in amounts greater than those alleged in the count to which defendant is pleading guilty. In particular, defendant agrees that the Court may order restitution to any victim for any losses suffered by that victim as a result of any relevant conduct, as defined in U.S.S.G. § 1B1.3, in connection with the offense to which defendant is pleading guilty pursuant to this agreement. The parties currently believe that the applicable amount of restitution is approximately $735,007 but recognize and agree that this amount could change based on facts that come to the attention of the parties prior to sentencing.

7.  Defendant understands that supervised release is a period of time following imprisonment during which defendant will be subject to various restrictions and requirements. Defendant understands that if defendant violates one or more of the conditions of any supervised release imposed, defendant may be returned to prison for all or part of the term of supervised release authorized by statute for the

offense that resulted in the term of supervised release, which could result in defendant serving a total term of imprisonment greater than the statutory maximum stated above.

8. Defendant understands that, by pleading guilty, defendant may be giving up valuable government benefits and valuable civic rights, such as the right to vote, the right to possess a firearm, the right to hold office, and the right to serve on a jury. Defendant understands that he is pleading guilty to a felony and that it is a federal crime for a convicted felon to possess a firearm or ammunition. Defendant understands that the conviction in this case may also subject defendant to various other collateral consequences, including but not limited to revocation of probation, parole, or supervised release in another case and suspension or revocation of a professional license. Defendant understands that unanticipated collateral consequences will not serve as grounds to withdraw defendant's guilty plea.

9. Defendant and his counsel have discussed the fact that, and defendant understands that, if defendant is not a United States citizen, the conviction in this case makes it practically inevitable and a virtual certainty that defendant will be removed or deported from the United States. Defendant may also be denied United States citizenship and admission to the United States in the future. Defendant understands that while there may be arguments that defendant can raise in immigration proceedings to avoid or delay removal, removal is presumptively mandatory and a virtual certainty in this case. Defendant further understands that removal and immigration consequences are the subject of a separate proceeding and that no one, including his attorney or the Court, can predict to an

absolute certainty the effect of his conviction on his immigration status.  Defendant nevertheless affirms that he wants to plead guilty regardless of any immigration consequences that his plea may entail, even if the consequence is automatic removal from the United States.

<u>FACTUAL BASIS</u>

10.  Defendant admits that defendant is, in fact, guilty of the offense to which defendant is agreeing to plead guilty.  Defendant and the United States agree to the statement of facts provided below and agree that this statement of facts is sufficient to support a plea of guilty to the charge described in this agreement and to establish the Sentencing Guidelines factors set forth in paragraph 12 below but is not meant to be a complete recitation of all facts relevant to the underlying criminal conduct or all facts known to either party that relate to that conduct.

At all times relevant to the indictment, the Food Drug and Cosmetic Act prohibited the wholesale distribution or causing the wholesale distribution of a prescription drug without the required state license in order to prevent prescription drug diversion and the distribution of counterfeit, stolen, expired, or substandard drugs.

Defendant worked as a manager at Five Star RX d/b/a Five Star Pharmacy ("Five Star Pharmacy") and Ultimate Pharmacy Inc. ("Ultimate Pharmacy") (collectively, "the Pharmacies"), both of which were located in Van Nuys, California.  Co-conspirator Irina Sadovsky owned, operated, and was the Pharmacist in Charge of the Pharmacies.  Co-conspirator Yigal Keren owned and operated transitional housing centers located in Los Angeles, California.  Neither defendant, Sadovsky, Keren, nor the Pharmacies was licensed as a prescription drug wholesaler in the State of California.

From approximately September 2016, and continuing through in or around November 2016, in Los Angeles County, within the Central District of California, defendant conspired with others, including Keren and Sadovsky, to engage in the unlicensed wholesale distribution of prescription drugs in interstate commerce.  Co-conspirator Sadovsky submitted and caused the submission of prescription claims to Medicare and Medicaid of California ("Medi-Cal"), and ordered the prescription drugs from legitimate wholesalers, but either did not dispense the prescription drugs to patients or dispensed the prescription drugs to patients who did not need them and were willing to sell them, both of which resulted in prescription drugs available for resale on the black market. Defendant then attempted to sell prescription drugs he obtained from the Pharmacies or patients of the Pharmacies to various outlets.

For example, on or about September 20, 2016, in furtherance of the conspiracy, defendant provided co-conspirator Keren with an eight-page list of prescription drugs for sale on the black market. The prescription drugs were those that defendant obtained from patients of the Pharmacies.  Defendant offered the eight-page list of prescription drugs to co-conspirator Keren knowing it was illegal to engage in the unlicensed wholesale distribution of prescription drugs.

The Pharmacies submitted claims to Medicare and/or Medi-Cal for the drugs on the eight-page list defendant provided to co-conspirator Keren but never dispensed the drugs to their patients.  Medicare and/or Medi-Cal reimbursed the Pharmacies approximately $735,007 on these prescription drug claims.

## SENTENCING FACTORS

11. Defendant understands that in determining defendant's sentence the Court is required to calculate the applicable Sentencing Guidelines range and to consider that range, possible departures under the Sentencing Guidelines, and the other sentencing factors set forth in 18 U.S.C. § 3553(a). Defendant understands that the Sentencing Guidelines are advisory only, that defendant cannot have any expectation of receiving a sentence within the calculated Sentencing Guidelines range, and that after considering the Sentencing Guidelines and the other § 3553(a) factors, the Court will be free to exercise its discretion to impose any sentence it finds appropriate up to the maximum set by statute for the crime of conviction.

12. Defendant and the United States agree to the following applicable Sentencing Guidelines factors:

```
Base Offense Level:        6   [U.S.S.G. §§ 2N2.1, 2B1.1(a)(2)]
Actual Loss > $550,000:   +14  [U.S.S.G. §§2N2.1, 2B1.1(b)(1)(H)]
```

Defendant and the United States reserve the right to argue that additional specific offense characteristics, adjustments, and departures under the Sentencing Guidelines are appropriate.

13. Defendant understands that there is no agreement as to defendant's criminal history or criminal history category.

14. Defendant and the United States reserve the right to argue for a sentence outside the sentencing range established by the Sentencing Guidelines based on the factors set forth in 18 U.S.C. § 3553(a)(1), (a)(2), (a)(3), (a)(6), and (a)(7).

## WAIVER OF CONSTITUTIONAL RIGHTS

15. Defendant understands that by pleading guilty, defendant gives up the following rights:

   a. The right to persist in a plea of not guilty.

   b. The right to a speedy and public trial by jury.

   c. The right to be represented by counsel -- and if necessary have the Court appoint counsel -- at trial. Defendant understands, however, that, defendant retains the right to be represented by counsel -- and if necessary have the Court appoint counsel -- at every other stage of the proceeding.

   d. The right to be presumed innocent and to have the burden of proof placed on the government to prove defendant guilty beyond a reasonable doubt.

   e. The right to confront and cross-examine witnesses against defendant.

   f. The right to testify and to present evidence in opposition to the charges, including the right to compel the attendance of witnesses to testify.

   g. The right not to be compelled to testify, and, if defendant chose not to testify or present evidence, to have that choice not be used against defendant.

   h. Any and all rights to pursue any affirmative defenses, Fourth Amendment or Fifth Amendment claims, and other pretrial motions that have been filed or could be filed.

## WAIVER OF APPEAL OF CONVICTION

16. Defendant understands that, with the exception of an appeal based on a claim that defendant's guilty plea was involuntary, by pleading guilty defendant is waiving and giving up any right to

appeal defendant's conviction on the offense to which defendant is pleading guilty. Defendant understands that this waiver includes, but is not limited to, arguments that the statute to which defendant is pleading guilty is unconstitutional, and any and all claims that the statement of facts provided herein is insufficient to support defendant's plea of guilty.

<u>LIMITED MUTUAL WAIVER OF APPEAL OF SENTENCE</u>

17. Defendant agrees that, provided the Court imposes a total term of imprisonment on the count of conviction within or below the range corresponding to an offense level of 17 and the criminal history category calculated by the Court, defendant gives up the right to appeal all of the following: (a) the procedures and calculations used to determine and impose any portion of the sentence; (b) the term of imprisonment imposed by the Court; (c) the fine imposed by the Court, provided it is within the statutory maximum; (d) to the extent permitted by law, the constitutionality or legality of defendant's sentence, provided it is within the statutory maximum; (e) the amount and terms of any restitution order, provided it requires payment of no more than $735,007; (f) the term of probation or supervised release imposed by the Court, provided it is within the statutory maximum; and (g) any of the following conditions of probation or supervised release imposed by the Court: the conditions set forth in Second Amended General Order 20-04 of this Court; the drug testing conditions mandated by 18 U.S.C. §§ 3563(a)(5) and 3583(d); and the alcohol and drug use conditions authorized by 18 U.S.C. § 3563(b)(7).

18. The United States agrees that, provided (a) all portions of the sentence are at or below the statutory maximum specified above

and (b) the Court imposes a term of imprisonment within or above the range corresponding to an offense level of 17 and the criminal history category calculated by the Court, the United States gives up its right to appeal any portion of the sentence, with the exception that the United States reserves the right to appeal the amount of restitution ordered if that amount is less than $735,007.

## RESULT OF WITHDRAWAL OF GUILTY PLEA

19.  Defendant agrees that if, after entering a guilty plea pursuant to this agreement, defendant seeks to withdraw and succeeds in withdrawing defendant's guilty plea on any basis other than a claim and finding that entry into this plea agreement was involuntary, then the United States will be relieved of all of its obligations under this agreement.

## EFFECTIVE DATE OF AGREEMENT

20.  This agreement is effective upon signature and execution of all required certifications by defendant, defendant's counsel, and an Assistant United States Attorney.

## BREACH OF AGREEMENT

21.  Defendant agrees that if defendant, at any time after the effective date of this agreement, knowingly violates or fails to perform any of defendant's obligations under this agreement ("a breach"), the United States may declare this agreement breached.  All of defendant's obligations are material, a single breach of this agreement is sufficient for the United States to declare a breach, and defendant shall not be deemed to have cured a breach without the express agreement of the United States in writing.  If the United States declares this agreement breached, and the Court finds such a breach to have occurred, then: (a) if defendant has previously

entered a guilty plea pursuant to this agreement, defendant will not be able to withdraw the guilty plea, and (b) the United States will be relieved of all its obligations under this agreement.

## COURT AND UNITED STATES PROBATION AND PRETRIAL SERVICES OFFICE NOT PARTIES

22. Defendant understands that the Court and the United States Probation and Pretrial Services Office are not parties to this agreement and need not accept any of the United States' sentencing recommendations or the parties' agreements to facts or sentencing factors.

23. Defendant understands that both defendant and the United States are free to: (a) supplement the facts by supplying relevant information to the United States Probation and Pretrial Services Office and the Court, (b) correct any and all factual misstatements relating to the Court's Sentencing Guidelines calculations and determination of sentence, and (c) argue on appeal and collateral review that the Court's Sentencing Guidelines calculations and the sentence it chooses to impose are not error, although each party agrees to maintain its view that the calculations in paragraph 12 are consistent with the facts of this case. While this paragraph permits both the United States and defendant to submit full and complete factual information to the United States Probation and Pretrial Services Office and the Court, even if that factual information may be viewed as inconsistent with the facts agreed to in this agreement, this paragraph does not affect defendant's and the United States' obligations not to contest the facts agreed to in this agreement.

24. Defendant understands that even if the Court ignores any sentencing recommendation, finds facts or reaches conclusions

1 different from those agreed to, and/or imposes any sentence up to the
2 maximum established by statute, defendant cannot, for that reason,
3 withdraw defendant's guilty plea and defendant will remain bound to
4 fulfill all defendant's obligations under this agreement.  Defendant
5 understands that no one -- not the prosecutor, defendant's attorney,
6 or the Court -- can make a binding prediction or promise regarding
7 the sentence defendant will receive, except that it will be within
8 the statutory maximum.

## NO ADDITIONAL AGREEMENTS

10     25.  Defendant understands that, except as set forth herein,
11 there are no promises, understandings, or agreements between the
12 United States and defendant or defendant's attorney, and that no
13 additional promise, understanding, or agreement may be entered into
14 unless in a writing signed by all parties or on the record in court.
15 //
16 //

PLEA AGREEMENT PART OF THE GUILTY PLEA HEARING

26. The parties agree that this agreement will be considered part of the record of defendant's guilty plea hearing as if the entire agreement had been read into the record of the proceeding.

AGREED AND ACCEPTED

UNITED STATES ATTORNEY'S OFFICE
FOR THE CENTRAL DISTRICT OF
CALIFORNIA

TRACY L. WILKISON
Acting United States Attorney

_____     9/22/21
ALEXIS GREGORIAN                    Date
Trial Attorney

_____     9/21/21
MIKHAIL KHANUKHOV                   Date
Defendant

_____     09/22/2021
KRISTEN RICHARDS                    Date
Attorney for Defendant MIKHAIL
KHANUKHOV

CERTIFICATION OF DEFENDANT

I have read this agreement in its entirety. I have had enough time to review and consider this agreement, and I have carefully and thoroughly discussed every part of it with my attorney. I understand the terms of this agreement, and I voluntarily agree to those terms. I have discussed the evidence with my attorney, and my attorney has advised me of my rights, of possible pretrial motions that might be filed, of possible defenses that might be asserted either prior to or at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement. No promises, inducements, or representations of any kind have been made to me other than those

contained in this agreement. No one has threatened or forced me in any way to enter into this agreement. I am satisfied with the representation of my attorney in this matter, and I am pleading guilty because I am guilty of the charge and wish to take advantage of the promises set forth in this agreement, and not for any other reason.

_____  9/21/21
MIKHAIL KHANUKHOV            Date
Defendant

### CERTIFICATION OF DEFENDANT'S ATTORNEY

I am MIKHAIL KHANUKHOV's attorney. I have carefully and thoroughly discussed every part of this agreement with my client. Further, I have fully advised my client of his rights, of possible pretrial motions that might be filed, of possible defenses that might be asserted either prior to or at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement. To my knowledge: no promises, inducements, or representations of any kind have been made to my client other than those contained in this agreement; no one has threatened or forced my client in any way to enter into this agreement; my client's decision to enter into this agreement is an informed and voluntary one; and the factual basis set forth in this agreement is sufficient to support my client's entry of a guilty plea pursuant to this agreement.

_____  09/22/2021
KRISTEN RICHARDS             Date
Attorney for Defendant MIKHAIL
KHANUKHOV